COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ-ID (Rev. 7/97)

United States Courts
Southern District of Texas
FILED
AUG 07 2002
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__HOUSTON__ DIVISION

MARIO ALBERTO MEDRANO #1086181
Plaintiff's name and ID Number

COFFIELD UNIT, TDCJ-ID
Place of Confinement

**H - 02 - 2976**

CASE NO._____
(Clerk will assign the number)

v.

TOMMY B. THOMAS, F. PETRUSKA, C.L. MILLER,
Defendant's name and address

ONE UNKNOWN SHERIFF'S DEPUTY, HARRIS CO.

SHERIFF'S OFFICE, 1301 FRANKLIN ST.,
HOUSTON, TX 77002
Defendant's name and address
( DO NOT USE "ET AL.")
G. SLOT, BAYTOWN POLICE DEPT., BAYTOWN, TX 77521

I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?         ___YES _X_ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1. Approximate date of filing lawsuit:_____N/A_____

   2. Parties to previous lawsuit:
      Plaintiff(s)___N/A_____
      Defendant(s)__N/A_____

   3. Court (If federal, name the district; if state, name the county)___N/A___

   4. Docket Number: __N/A_____

   5. Name of judge to whom case was assigned:_____N/A_____

   6. Disposition: (Was the case dismissed, appealed, still pending?)
      __N/A__

   7. Approximate date of disposition: __N/A__

ATC1983 (Rev.04/98)                    2

II. PLACE OF PRESENT CONFINEMENT: COFFIELD UNIT, RT. 1 BOX 150, TENN. COLONY, TX 75884

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? ___YES x_NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: MARIO ALBERTO MEDRANO
RT. 1 BOX 150
TENN. COLONY, TX 75884

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: TOMMY B. THOMAS, SHERIFF, HARRIS CO. SHERIFF'S OFFICE (HCSO) 1301 FRANKLIN ST., HOUSTON, TX 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
FAILURE TO PROPERLY TRAIN AND/OR SUPERVISE DEFENDANTS #2-5.

Defendant #2 F. PETRUSKA, SGT. (HCSO), 1301 FRANKLIN ST., HOUSTON, TX 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
FAILURE TO PREVENT EXCESSIVE USE OF FORCE BY DEFENDANTS #3-6.

Defendant #3: C.L. MILLER, DEPUTY (HCSO) same address as above.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
FAILURE TO PREVENT EXCESSIVE USE OF FORCE/USE OF EXCESSIVE FORCE.

Defendant #4: M. SIMS, DEPUTY (HCSO) same address as above.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
FAILURE TO PREVENT EXCESSIVE USE OF FORCE/USE OF EXCESSIVE FORCE.

Defendant#5: ONE UNKNOWN SHERIFF'S DEPUTY, (HCSO) same address as above.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
eEXCESSIVE USE OF FORCE.

Defendant #5: G. SLOT, OFFICER, BAYTOWN POLICE DEPT., BAYTOWN, TX 77521
EXCESSIVE USE OF FORCE/ FAILURE TO PREVENT EXCESSIVE USE OF FORCE.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1) On August 11, 2000 Noey Lopez asked me to accompany him to the La Quinta Inn near Greenspoint Mall in Harris County, Texas to help him

ATC1983 (Rev.04/98) 3

collect money owed to him. I agreed to go with him. We were both armed because the guy who owed him the money might not want to pay.

2) I entered the motel room, Room 247, with Lopez. We had our guns out as a precaution. Eddie Roberts, an undercover HCSO deputy, unknown to me as such, was in the room. He ran towards the bathroom, pulling a gun, as we entered. He then fired his gun at us without identifying himself as a police officer.

3) I reflexively pulled the trigger of my gun, but it was not pointed at

Con't on next page

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1) A declaratory judgement that the Defendants violated my civil rights;
2) Monetary and compensatory damages in the amount of $250,000.00;
3) Punitive damages in the amount of $750,000.00; and
4) Any and all costs and attorney fees.

VII. **BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases:
Mario Medrano, Mario Alberto Medrano

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.
#108161  #1086181

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES  X NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed sanctions (if federal, give the district and division): ___N/A___
  2. Case Number: ___N/A___
  3. Approximate date sanctions were imposed: ___N/A___
  4. Have the sanctions been lifted or otherwise satisfied? ___YES ___NO  N/A

C. Has any court ever warned or notified you that sanctions could be imposed? ___YES X NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

ATC1983 (Rev.04/98)  4


Roberts or anyone else, and both bullets went into the wall away from where Roberts was going.

4) Lopez shot at Roberts, striking him once in the head. Other officers outside then began a shootout with Lopez.

5) I did not know what was going on because I did not hear anyone saying they were police officers. I became scared at all the shooting and retreated to the bathroom where Roberts was lying on the floor. I did not participate in the shoot-out.

6) Lopez finally ran out of the room and jumped over the railing trying to flee. He was killed.

7) Sgt. Petruska entered the room. He was the on scene officer in charge. It was only after I saw the badge around his neck that I understood it was the police shooting it out with Lopez. I put down my gun, which had not been aimed at Petruska or any other officer, dropped to my knees in surrender.

8) Other officers entered the room, including C.L. Miller, M. Sims, and G. Slot. One officer had a video camera and was taping everything that happened. I was handcuffed with my hands behind my back while leaning over the bed.

9) Officer slot put his gun to my head and threatened to kill me. Sgt. Petruska and Deputies Miller and Sims stood there and watched him do this without doing anything to stop him. I was then pushed over onto the floor but do not know who did it.

10) At that time the one unknown Sheriff's Deputy began to kick me in the head. I was kicked 6-8 times. The force of the kicks caused my jaw to be broken in two places. I was stunned after the first kick and trying to protect myself so did not get a chance to see who was kicking me at that time. I had done nothing to warrant this attack. I believe it could have been Deputies Miller or Sims, but am not sure because I do not know what names go with which officer

at this time.

11) Sgt. Petruska did nothing to stop the officer from kicking me and neither did any of the other officers present.

12) Tommy B. Thomas, as Sheriff of Harris County, is responsible for the training and supervision of the deputies working for the Harris County Sheriff's Office. This includes the prpper procedures for the arrest and handling of persons suspected of criminal offenses. Arrested suspects who are posing no threat to the arresting officers are not supposed to have guns pointed at their heads and threatened with death, nor are they supposed to be kicked in the head while lying on the floor handcuffed and other officers are not supposed to stand around and allow a suspect to be so abused.

13) I had to be transported to Ben Taub Hospital for medical treatment of my injuries. My broken jaw required surgery and I still have metal plates/pins in my jaw as a result. It took a year for my jaw to heal although I still suffer headaches and continual pain in my jaw.

14) After being initially treated at Ben Taub Hospital I was taken to the Harris County Sheriff's Office for questioning and processing. While in the interrogation room I saw a TV which was showing the video tape of the scene when I was arrested. I saw the officer who kicked me before I was observed watching the TV and it was turned off. The tape was edited/erased later so that it no longer showed me being assaulted by that officer but he was at the trial and I recognized his face and can still identify him if I see him or his picture again.

the same questions.)

1. Court that imposed warning (if federal, give the district and division): __N/A__
2. Case Number: __N/A__
3. Approximate date warnings were imposed: __N/A__

Executed on: __7-31-02__
              DATE

*Mario Alberto Medrano*
              (Signature of plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this __31st__ day of __July__, __2002__.
       (Day)            (month)       (year)

*Mario Alberto Medrano*
              (Signature of plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

ATC1983 (Rev.04/98)              5

# INSTRUCTIONS FOR COMPLETING A COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ-ID
## PLEASE READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of $150.00.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $150 filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion (s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

ATC1983 (Rev. 04/98)